**Mario Calmo PABLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74414.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Douglas D. Nelson, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Mario Calmo Pablo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Calmo Pablo did not establish that he either was persecuted or has a well-founded fear that he will be persecuted on account of his race or his membership in a particular social group. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150–51 (9th Cir.2000) (concluding that the alien failed to establish that guerillas targeted him on account of a protected ground). Therefore, substantial evidence supports the IJ's denial of asylum. *See id.*

Because Calmo Pablo failed to establish eligibility for asylum, he necessarily failed to establish the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the IJ's decision to deny Calmo Pablo's claim under the CAT, because Calmo Pablo has not shown that it is more likely than not that he will be tortured if returned to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**